UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ISAIAS SERNA ORTEGA,

Petitioner,

v.

JAMES JANECKA, et al.,

Respondents.

Case No. 5:26-cv-04277-SSC

MEMORANDUM AND ORDER

On July 30, 2026, Petitioner Isaias Serna Ortega, through counsel, filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] in immigration custody in Adelanto, California.  (*Id.* at 2, 4.)

The petition alleges the following facts.  Petitioner entered the United States without inspection on or about February 1, 2005.  (*Id.* at

---

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

6.)  Petitioner was detained on June 24, 2026.  (*Id.*)  That same day, Immigration and Customs Enforcement (ICE) issued a Notice to Appear alleging that Petitioner "is an alien present in the United States since February 1, 2005, who has not been admitted or paroled."  (*Id.*; ECF 1-2.)  On July 8, 2026, Petitioner appeared for a master calendar hearing before an immigration judge (IJ) at which he "admitted to and conceded the allegations in the June 24, 2026 Notice to Appear and informed the Immigration Judge he will file an Application for Cancellation of Removal for Certain Non-Permanent Residents."  (*Id.* at 7.)  The immigration judge "informed Petitioner he would set the bond hearing within two weeks."  (*Id.*)  On July 8, 2026, Petitioner filed a parole request with ICE, but on July 15, 2026, a deportation officer denied Petitioner's request for release and "informed Petitioner that any form parole or bond would have to be granted by the Immigration Judge."  (*Id.*)  On July 22, 2026, Petitioner, with counsel, appeared for his bond hearing, but the IJ found that the immigration court did not have jurisdiction pursuant to 8 U.S.C. § 1226(a), because Petitioner was detained under 8 U.S.C. § 1225(b)(2).  (*Id.*)

Petitioner brings claims for (1) violation of Fifth Amendment due process; and (2) violation of 8 U.S.C. § 1226(a) and its implementing regulations.  (*Id.* at 11.)  Petitioner seeks release or, in the alternative, that the Court order Respondents to "schedule a bond hearing before an immigration judge and, at such hearing, find that Petitioner is not a danger to the community or a flight risk."  (*Id.* at 12.)  Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act.[2]

_____

[2] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees

2

The same day the petition was filed, the Ninth Circuit decided *Rodriguez Vazquez v. Bostock*, which held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).

On August 6, 2026, Respondents filed an answer. (ECF 8.) Respondents provide that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez*" and that "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)." (*Id.* at 2.) However, Respondents also argue that Petitioner should "first pursue this administrative remedy in Immigration Court" and that doing so would not be futile "because the Ninth Circuit's issuance of the *Rodriguez Vazquez v. Bostock* decision on July 30, 2026 has now resolved this legal issue within the Ninth Circuit, including in its Immigration Courts." (*Id.*) Accordingly, Respondents argue that the petition should be denied "because Petitioner has an adequate remedy for their complaint of unjustified detention[.]" (*Id.*)

Respondents also provide that "[t]o the extent a bond hearing is nonetheless affirmatively ordered here, the Court's order should be consistent with what courts in this District have generally ordered in

within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

3

similar cases prior to the [*Rodriguez Vazquez*] ruling, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days. Should the Court enter relief in that regard, judgment may be entered immediately, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will then be necessary in this matter." (*Id.* at 3.)

Petitioner filed a reply, which requests that the Court order his immediate release. (ECF 9.)

Turning to the merits, Respondents present no legal challenge to the alleged due process and statutory violations and the parties appear to agree that, in light of *Rodriguez Vazquez*, Petitioner is entitled to a bond hearing under § 1226(a). While Respondents argue that Petitioner should "first pursue this administrative remedy in Immigration Court" (ECF 8 at 2), it is unclear that such a path exists under the facts of this case.[3] Petitioner has already requested and appeared for an initial bond hearing and was denied that hearing on a finding that he was detained under § 1225(b). Respondents do not argue that Petitioner had or still has the ability to appeal that denial administratively. Because Petitioner is presently detained under a mandatory detention statute that does not apply to him, the Court grants relief.

While Petitioner argues for release or a bond hearing with a predetermined outcome, the Court declines to grant such relief. As to release, the facts and nature of the violation here militate in favor of a conditional order of release in the form of a bond hearing before an immigration judge. Given that "habeas corpus is, at its core, an

---

[3] Respondents do not use the word "exhaustion" but instead seem to make a practical argument regarding the processing of cases like Petitioner's.

equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases).  The Court does so here.  As to a predetermined outcome, though the relief in *Rodriguez Vasequez* was declaratory, the Ninth Circuit also explained that "[a] § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Id.* at *5. The Court imposes that standard below.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) ordering Petitioner's immediate release from Respondents' custody unless no later than **August 17, 2026**, Petitioner is provided with an individualized bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).

DATED: August 10, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

5